IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 14, 2011 Session

# HERBAL INTEGRITY, LLC, ET AL. V. SCOTT HUNTLEY, JR., ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 09-1666-II     Carol L. McCoy, Chancellor**

**No. M2011-00810-COA-R3-CV - Filed January 11, 2012**

The parties agreed to submit the valuation of Defendants' membership in Plaintiff LLC to arbitration. Following arbitration, Defendants moved to vacate the arbitrator's award. The trial court denied the motion and entered final judgment in the matter. Defendants appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Kenneth R. Jones, Jr., Nashville, Tennessee, for the appellants, Scott Huntley, Jr., and Lee Huntley.

Gregory H. Oakley, Nashville, Tennessee, for the appellees, Herbal Integrity, LLC and Mark Schumacher.

## OPINION

Herbal Integrity, LLC ("Herbal Integrity") is a Tennessee limited liability company that sells nutritional supplements. Plaintiff Mark Schumacher (Mr. Schumacher) and Defendant Scott Huntley, Jr. (Mr. Huntley) were members of Herbal Integrity when this dispute arose. Mr. Schumacher is the managing member of Herbal Integrity; Mr. Huntley is a resident of the State of California and his wife, Defendant Levon ("Lee") Huntley (Ms. Huntley), has a community property interest in Herbal Integrity.

In August 2009, Mr. Schumacher filed a complaint for damages against Mr. Huntley and Ms. Huntley (collectively, Huntleys) in the Chancery Court for Davidson County. In

July 2010, the parties entered an agreed order under which Huntleys' membership interest in Herbal Integrity were terminated and Mr. Schumacher was awarded a judgment in the amount of $65,000. The parties agreed that Huntleys were entitled to be paid the fair market value of their membership interest, however, and that the value of Huntleys' membership interest would be applied to offset the judgment amount. If Huntleys' membership interests exceeded the judgment, Huntleys were to be entitled to the excess. Under the agreed order, the value of Huntleys' membership interests was to be determined by a business valuation arbitrator. The agreement provided, in relevant part:

> All parties may supply the Arbitrator with whatever documents or information that they deem relevant to the process. The Arbitrator may request information from any party, and all parties agree to comply with any such request within the time required by the Arbitrator. Each party will have the right to submit a response to information or documents produced by an opposing party, except that completion of the Arbitrator's decision within the time required by this order will not be delayed by his or her awaiting receipt of a response from any party. Subject to the deadlines for completion of the arbitration established by this order, the arbitrator shall have the discretion to determine the documents and information that the parties may be required or permitted to produce, as well as how, when, and where such documents and information will be produced. Each party shall serve counsel for opposing parties with copies of any materials that are submitted to the arbitrator.

The trial court's order further provided that the Arbitrator's decision on the value of Huntleys' membership interest would be conclusive and binding, subject only to the provisions of the Tennessee Uniform Arbitration Act as codified at Tennessee Code Annotated § § 29-5-301, *et seq*.

Following arbitration, the Arbitrator determined that a fair value for a 50 percent ownership interest in Herbal Integrity as of July 31, 2010, was $1,106.00. The Arbitrator recommended that the amount of $1,106.00 be deducted from the judgment award of $65,000 to Mr. Schumacher. On December 22, 2010, Mr. Schumacher filed a motion to reduce the amount of judgment and enter final judgment in accordance with the Arbitrator's determination. He asserted, however, that Huntleys owned a 35 percent membership interest, and that the judgment accordingly should be reduced by $774.20.

In January 2011, Huntleys filed a motion in opposition to Mr. Schumacher's motion. Huntleys asserted, as an initial matter, that they held a 50 percent interest, and not a 35 percent interest as Mr. Schumacher asserted. They also asserted that the Arbitrator failed to comply with the terms of the agreed order where the Arbitrator failed to provide Huntleys

with an opportunity to respond to information provided by Mr. Schumacher.

On January 18, 2011, Huntleys filed a motion to vacate the Arbitrator's award under Tennessee Code Annotated § 29-5-313(a), asserting that they were not provided with copies of documents submitted by Mr. Schumacher to the Arbitrator during the valuation process until after the Arbitrator completed his report on December 9, 2010. Huntleys further asserted that they never received an account of oral communications between Mr. Schumacher and the Arbitrator, and that they did not have an opportunity to respond to the information provided by Mr. Schumacher. Huntleys asserted the Arbitrator accepted values included on a balance sheet submitted by Mr. Schumacher, which did not include values for certain distribution agreements or intellectual property. They further asserted that Mr. Schumacher had made false statements concerning Herbal Integrity's assets, which the Arbitrator accepted as true. In their motion, Huntleys asserted the Arbitrator's award should be set aside pursuant to Tennessee Code Annotated § 29-5-313(a) because the award was procured by "fraud or other undue means" where Mr. Schumacher provided false information to the Arbitrator. Huntleys further asserted that the Arbitrator's failure to give them an opportunity to respond to information provided by Mr. Schumacher amounted to "misconduct prejudicing [their] rights," and that the Arbitrator exceeded his powers by denying them the opportunity to respond as required by the agreed order. They further moved the court to establish deadlines for the selection of a new arbitrator, to specify terms and procedures for retaining a new arbitrator, and to stay enforcement of the July 12, 2010, judgment pending arbitration. Huntleys attached to their motion Mr. Huntley's affidavit describing alleged inaccuracies in the information provided by Mr. Schumacher to the Arbitrator. They also attached an affidavit of their legal counsel in Tennessee, who attested to Huntleys' assertion that they were not provided with copies of documentation or information regarding oral communications between Mr. Schumacher and the Arbitrator until he requested them after receiving the Arbitrator's report.

Mr. Schumacher filed a response to Huntleys' motion in February 2011. Mr. Schumacher asserted that no information was misrepresented or concealed from the Arbitrator, and the information asserted by Mr. Huntley in his affidavit was considered by the Arbitrator or was not material to the Arbitrator's conclusion. Mr. Schumacher asserted that the engagement letter entered into by the parties and the Arbitrator provided that the Arbitrator would provide copies of all information provided to him upon request, and the Huntleys failed to request copies of information despite at least three e-mails notifying them that information was forthcoming and/or had been received. Mr. Schumacher also asserted that the parties agreed to allow the Arbitrator to engage in *ex parte* communications, and that Huntleys did not request that the Arbitrator inform them of the substance of his interview with Mr. Schumacher. Mr. Schumacher further asserted that the Arbitrator did not exceed his authority where he decided only the issue within the scope of the agreed order. He

submitted that there was nothing in the agreed order requiring the Arbitrator to provide either party with information, and that the parties' engagement agreement with the Arbitrator required the Arbitrator to provide copies of information only upon request. Mr. Schumacher asserted that Huntleys never exercised their right to request copies.

Following a hearing on February 11, 2011, the trial court denied Huntleys' motion to vacate the Arbitrator's award. The trial court found that the arbitration award was not procured by corruption, fraud or undue means, and that the Arbitrator considered the information that the Huntleys asserted he had not. The trial court also found that the agreed order setting forth the terms of the arbitration agreement did not impose a duty or obligation on the Arbitrator to provide either party with documents or information provided by the opposing party, and that Huntleys had not requested copies from the Arbitrator as provided by the engagement letter. The trial court further found there had been no misconduct by the Arbitrator. The trial court entered judgment in favor of Mr. Schumacher, reducing the judgment in his favor by $1,106.00. The trial court entered final judgment in the matter on March 8, 2011, and Huntleys filed a timely notice of appeal to this Court.

### *Issue Presented*

Huntleys present the following issue for our review:

Must the decision of an arbitrator who determined that the value of defendants' membership interest in Herbal Integrity, LLC was only $1,106.00 be vacated pursuant to T.C.A. § 29-5-313(a)(3) because the arbitrator exceeded his powers under the arbitration agreement when he failed to give [Huntleys] an opportunity to respond to documents and information submitted by [Mr. Schumacher]?

### *Standard of Review*

The issue presented by this appeal is governed by Tennessee Code Annotated § 29-5-313(a)(3)(2000), which provides that an arbitration award shall be vacated where it is demonstrated that an arbitrator has exceeded his authority. It is now well-settled that "'courts should play only a limited role in reviewing the decisions of arbitrators.'" *Williams Holding Co. v. Willis*, 166 S.W.3d 707, 710 (Tenn. 2005)(quoting *Arnold v. Morgan Keegan & Co.*, 914 S.W.2d 445, 448 (Tenn. 1996)). In deciding whether to set aside an arbitrator's award, the trial court is limited to the statutory grounds. *Id.* An arbitrator exceeds his authority when he decides a matter that is not within the scope of the agreement to arbitrate. *Id.* at 711. "An arbitration award cannot be vacated because the arbitrator made a mistake of fact or law, and it also cannot be vacated because it is irrational, or provides relief that could not or

would not be granted by the court." *Chattanooga Area Reg'l Transp. Auth. v. Local 1212 Amalgamated Transit Union*, 206 S.W.3d 448, 451 (Tenn. Ct. App. 2006) (citing *Arnold v. Morgan Keegan & Co.*, 914 S.W.2d 445, 450 (Tenn.1996)). Upon review in an arbitration case, we review findings of fact under a clearly erroneous standard, and review questions of law with the "'utmost caution, and in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution.'" *Id.* (quoting *Arnold v. Morgan Keggan & Co.*, 914 S.W.2d 448, 449–50.

## *Discussion*

In their brief to this Court, Huntleys assert that the Arbitrator exceeded his authority because he issued a decision without complying with all the terms of the agreed order establishing the terms of arbitration. Huntleys assert that, because the terms of the agreed order to arbitrate require that each party be given an opportunity to respond to information provided by the other, the Arbitrator lacked authority to make a determination without providing Huntleys with an opportunity to respond.

Mr. Schumacher, on the other hand, asserts the engagement letter signed by the parties with the Arbitrator provided that the Arbitrator would provide copies of all materials and information upon request and upon payment for reproduction costs. Mr. Schumacher asserts that the Arbitrator made several requests for information from Mr. Schumacher, and that Huntleys were copied with these requests. Mr. Schumacher asserts he responded to the Arbitrator's requests for information by e-mail, that the Arbitrator informed counsel for both parties that information was "coming in," and that Huntleys did not ask the arbitrator or Mr. Schumacher's counsel to forward any information that was submitted to the arbitrator. Mr. Schumacher further asserts Huntleys had the opportunity to provide the arbitrator with any information they thought was relevant.

In their reply brief, Huntleys assert that Mr. Schumacher mischaracterizes their argument. They assert that they do not argue that the Arbitrator was required to provide them with copies of Mr. Schumacher's evidence. Huntleys assert Mr. Schumacher failed to serve them with the information provided by Mr. Schumacher, and that the Arbitrator exceeded his powers by making a determination without providing Huntleys with an opportunity to respond to Mr. Schumacher's assertions.

The summation of Huntleys' argument, as we understand it, is that the Arbitrator was not required to provide them with copies of evidence submitted by Mr. Schumacher, but that the Arbitrator simply had no authority to issue his decision because Huntleys had not been provided with copies of that evidence. Although we are not insensitive to Huntleys' assertion that they did not receive copies of information provided by Mr. Schumacher prior to

receiving the conclusions of the Arbitrator, we agree with the trial court that it was not the Arbitrator's responsibility to provide Huntley's with copies of the evidence in the absence of a request from Huntleys. Huntleys do not dispute that they received e-mails advising them that Mr. Schumacher was providing documents to the Arbitrator, and they do not dispute that they did not request copies from the Arbitrator. Huntleys do not assert that they made a demand upon Mr. Schumacher, or that they attempted to provide the Arbitrator with evidence and were not permitted to do so. Additionally, Huntleys do not assert that the question decided by the Arbitrator was not within the scope of the agreed order to arbitrate.

In light of the record, we agree with the trial court that the Arbitrator did not exceed his authority in this case. The Arbitrator did not deny Huntleys the opportunity to provide evidence or to respond, and it was not incumbent upon him to provide Huntleys with copies of evidence supplied by Mr. Schumacher in the absence of a request from Huntleys. In this case, Huntleys apparently made no attempt to supply the Arbitrator with information, or to make demand upon Mr. Schumacher or the Arbitrator for information or documentation. Although it is not disputed that Mr. Schumacher did not serve Huntleys with copies of information that he provided the Arbitrator, Huntley's apparently have abandoned their assertions of fraud or misuse on the part of Mr. Schumacher in light of the trial court's findings.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellants Scott Huntley, Jr., and Lee Huntley, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE